UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENRY ALEX SANCHEZ,

      Petitioner,

v.                                        Case No: 6:19-cv-365-Orl-37EJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.

      Respondents.
_____/

**ORDER**

This cause is before the Court on an Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 4), filed under 28 U.S.C. § 2254. Respondents filed a Response to the Amended Petition ("Response," Doc. 9) in compliance with this Court's instructions. Petitioner filed a Reply to the Response (Doc. 12).

Petitioner alleges four claims in the Amended Petition. The Court finds the Amended Petition is untimely filed.

### I.    Procedural History

Petitioner was charged by information in the Ninth Judicial Circuit Court in and for Orange County, Florida, with capital sexual battery (Count One) and lewd or lascivious molestation (Count Two). (Doc. 10-1 at 8-9.) Petitioner entered a guilty plea to attempted capital sexual battery. (*Id.* at 12-13.) The trial court sentenced Petitioner on

February 16, 2009, to a fifteen-year term of imprisonment followed by a fifteen-year term of sex offender probation. (*Id.* at 15-19.) Petitioner did not appeal.

On December 23, 2014,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (*Id.* at 21-30.) The trial court denied the motion on January 11, 2016. (*Id.* at 47-48.) Petitioner filed a motion for reconsideration, which the trial court construed as a motion for modification, and the court denied the motion on January 18, 2017. (*Id.* at 53-58.) Petitioner did not appeal the denial of either motion.

The initial Petition was filed on February 20, 2019, and the Amended Petition was filed on March 14, 2019. (Doc. Nos 1 and 4.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner did not appeal his conviction and sentence. Thus, the one-year limitations period began to run on March 18, 2009, or thirty days after the time for filing a direct appeal expired. *See* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires). As a result, under § 2244(d)(1)(A), Petitioner had one year from March 18, 2009, absent any tolling, to file a federal habeas petition.

Pursuant to '2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner did not file his Rule 3.800(a) motion until after the expiration of the one-year limitations period on March 18, 2010. As a result, this motion did not toll the statute of limitations. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). The Amended Petition is therefore untimely.

Petitioner contends that the timeliness of this action should be excused because he is actually innocent. (Doc. Nos. 4 at 12-13; Doc. 12 at 2-4.) The Supreme Court of the United States has held that actual innocence, if proved, may serve as a gateway through which a habeas petitioner may obtain review of his claims even if the one-year statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

In support of his actual innocence claim, Petitioner alleges that he did not commit a criminal act and instead, his *Miranda*[2] rights were violated, and he was entrapped into confessing to the crime. (Doc. 12 at 2-4.) However, Petitioner has not supported his

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

allegation of innocence with new, reliable evidence that undermines the Court's confidence in the outcome of his criminal proceedings. Petitioner could have raised the alleged entrapment and *Miranda* violation prior to the entry of his plea. Therefore, Petitioner fails to demonstrate that the untimely Amended Petition should be excused.

To the extent that Petitioner also argues that he is entitled to equitable tolling of the one-year limitations period because he is untrained in the law and does not speak fluent English, his claim fails. (Doc. Nos. 4 at 6-10.) Federal courts have held that *pro se* status or a general lack of legal knowledge are not extraordinary circumstances justifying equitable tolling. *Rich v. Dep't of Corr.*, 317 F. App'x 881, 883 (11th Cir. 2008) (*pro se* status does not constitute an extraordinary circumstance warranting equitable tolling); *Rivers v. United States*, 416 F.3d 1319, 1322-23 (11th Cir. 2005) (noting a lack of education does not constitute a sufficient basis for equitable tolling). Likewise, federal courts have rejected claims that prisoners are entitled to equitable tolling on the basis of language difficulties. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir.2005). Therefore, the untimely Amended Petition will not be excused.

Any of Petitioner's allegations that attempt to excuse his failure to file the Amended Petition within the one-year period of limitation that are not specifically addressed herein have been found to be without merit.

III.  CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims and procedural rulings debatable or wrong. Further, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Amended Petition for Writ of Habeas Corpus filed by Henry Alex Sanchez (Doc. 4) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2019.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-3 10/30